**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-20019 |
| ) | 10-2601 |
| **BENITO M. DOMINGUEZ,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

Defendant Benito M. Dominguez pleaded guilty to one count of making a fraudulent document and one count of aggravated identity theft (doc. 49). He received a 30-month sentence and a 24-month sentence, to run consecutively (doc. 60). Mr. Dominguez filed a notice of appeal (doc. 64), but it was dismissed as untimely (doc. 74).

Mr. Dominguez has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 75). He claims that his attorney was ineffective for failing to file an appeal, investigate witnesses, file a motion to suppress, keep him apprised of his rights, object to testimony, and obtain a downward departure at sentencing. Mr. Dominguez also asserts that the court failed to comply with Rule 11 in accepting his plea, that there was insufficient evidence to support his convictions, that his sentence was unreasonable, and that the court should have departed downward in imposing his sentence.

In response (doc. 78), the Government asks this court to enforce the plea agreement Mr. Dominguez signed, which included a waiver of Mr. Dominguez's right to challenge his sentence on collateral attack.

For the reasons set forth below, this case is scheduled for a hearing to resolve a factual dispute concerning Mr. Dominguez's claim that his attorney failed to file an appeal after he requested her to do so.

## DISCUSSION

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

The court begins with Mr. Dominguez's claim that his attorney was ineffective for failing to file an appeal as requested. The Tenth Circuit's decision in *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005), addressed the question of "whether counsel for defendant was ineffective for failing to file a Notice of Appeal where defendant had

knowingly and willingly waived his right to appeal in a plea agreement." *Id.* at 1264. In resolving that question, the Circuit began by reviewing the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), in which the Court held that a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable and that, in such circumstances, a defendant is entitled to appeal without a showing that his appeal likely would have had merit. *Id.* at 1265 (citing *Flores-Ortega*, 528 U.S. at 477-78).

The Circuit then examined the waiver executed by the defendant and noted that while the defendant's appellate rights had been "significantly limited" by his waiver, the waiver did not foreclose all appellate review of his sentence. *Id.* at 1266-67 (citing *Hahn*, 359 F.3d at 1318 ("a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court")). The Circuit thus held that if the defendant actually asked his counsel to perfect an appeal and his counsel ignored his request, he would be entitled to a delayed appeal "regardless of whether . . . it appears that the appeal will not have any merit." *Id.* at 1267; *accord United States v. Snitz*, 342 F.3d 1154, 1157 (10th Cir. 2003) (when courts find that a requested appeal has not been taken, they do not consider the merits of arguments that the defendant might have made on appeal). Finally, the Circuit explained that any resulting criminal appeal would initially be evaluated in light of the defendant's waiver. *Garrett*, 402 F.3d at 1267. Ultimately, then, the Circuit remanded the case for a hearing to determine whether the defendant requested counsel to file a notice of appeal. *Id.*

3

The same course of action is required here. Mr. Dominguez asserts that he asked his attorney to appeal. The Government tendered an affidavit from his attorney saying that Mr. Dominguez "understood that he had waived his appellate rights and never asked counsel to file an appeal following the contested sentencing hearing and judgment." In his response, Mr. Dominguez reiterated that he requested his attorney to file a notice of appeal after sentencing but that she failed to do so. This claim of ineffective assistance must be addressed despite the waiver in Mr. Dominguez's plea agreement, and the court must hold a hearing for the limited purpose of resolving this factual dispute.

**IT IS THEREFORE ORDERED BY THE COURT** that the case is set for an evidentiary hearing Monday, March 14, 2011 at 1:30 p.m. in Courtroom 427, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas. This hearing will be limited to Mr. Dominguez's claim that his attorney failed to file an appeal after being requested to do so.

**IT IS FURTHER ORDERED** that the United States Marshal's office shall transport Benito Dominguez, 12024-031, from his current location at Giles W. Dalby CF in Post, Texas back to Kansas so that he may participate in the evidentiary hearing currently scheduled for March 14, 2011.

**IT IS SO ORDERED** this 10th day of February, 2011.

4

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge