**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-20019 |
| ) | 10-2601 |
| BENITO M. DOMINGUEZ, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant Benito M. Dominguez pleaded guilty to one count of making a fraudulent document and one count of aggravated identity theft (doc. 49). He received a 30-month sentence and a 24-month sentence, to run consecutively (doc. 60). Mr. Dominguez filed a pro se notice of appeal (doc. 64), but it was dismissed as untimely (doc. 74).

Mr. Dominguez has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 75). He claims that his attorney was ineffective for failing to file an appeal, investigate witnesses, file a motion to suppress, keep him apprised of his rights, object to testimony, and obtain a downward departure at sentencing. Mr. Dominguez also asserts that the court failed to comply with Rule 11 in accepting his plea, that there was insufficient evidence to support his convictions, that there were errors at the sentencing hearing, that his sentence was unreasonable, and that the court

should have departed downward in imposing his sentence.

In response (doc. 78), the Government asks this court to enforce the plea agreement Mr. Dominguez signed, which included a waiver of Mr. Dominguez's right to challenge his sentence on collateral attack.

For the reasons discussed below, Mr. Dominguez's § 2255 petition is denied in part and dismissed in part.

## DISCUSSION

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

### 1. Ineffective Assistance of Counsel – Failure to File an Appeal

This court previously concluded that, despite the waiver of Mr. Dominguez's right to collaterally attack his sentence, the court needed to address Mr. Dominguez's claim that his attorney was ineffective for failing to file a notice of appeal as requested

(doc. 82). In response to that claim, the Government tendered an affidavit from Mr. Dominguez's former attorney, Jacquelyn E. Rokusek, averring that Mr. Dominguez never asked her to file an appeal. To resolve this factual dispute, the court held a hearing on March 14, 2011.

At that hearing, both Ms. Rokusek and Mr. Dominguez testified. Ms. Rokusek stated that Mr. Dominguez had never asked her to file an appeal in his case, and that he understood that he had in fact waived his appellate right. Mr. Dominguez presented no evidence to the contrary that would support the assertion he made in his § 2255 petition that he did request an appeal. Accordingly, based on the testimony at the hearing, this court concludes that Mr. Dominguez never asked his attorney to file an appeal. Thus, this claim in Mr. Dominguez's petition is denied.

**2.     Scope of the Waiver**

In determining whether the remaining disputed issues fall within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Dominguez waived his right to challenge his sentence through collateral attack states as follows:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this

3

agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179,1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Dominguez clearly waived the right to challenge his attorney's performance during the investigation of his case and during sentencing, the sentencing hearing itself, the evidence supporting his convictions, and the sentence imposed by the court. Those claims fall within the scope of the waiver Mr. Dominguez signed.

**3.** **Knowing and Voluntary**

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant

4

entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here. Paragraph 9 of Mr. Dominguez's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence"). Mr. Dominguez asserts that neither he nor his attorney ever signed the plea agreement, but the copy on file with the court (doc. 49) is in fact signed by both of them.

In addition, the court, during its Rule 11 colloquy with Mr. Dominguez, specifically discussed that he had waived his right to challenge his sentence through a § 2255 motion. Mr. Dominguez assured the court that he understood that he had waived his right to assert such claims and that he was entirely willing to do so. *See id.* (finding that defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal) (citing *Blackledge v. Allison*, 431 U.S.

63, 74 (1977)).

Mr. Dominguez now claims that the court failed to comply with the requirements of Rule 11, but that allegation is contradicted by the transcript of that hearing (doc. 72). Moreover, Mr. Dominguez now asserts that his plea was not knowing or voluntary and that he did not understand the waiver. But his answers in open court belie his statements now, and "[s]olemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

### 4. Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.

Here, Mr. Dominguez makes no suggestion that the court relied on an impermissible factor such as race, that his sentence exceeds the statutory maximum, or that the waiver is otherwise unlawful. He does, however, seem to suggest that his attorney was ineffective in the context of negotiating the waiver in his plea agreement, a situation expressly excluded from the waiver executed by him. *See Cockerham*, 237

6

F.3d at 1187 (concluding that a defendant cannot waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver).

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, thereby constituting prejudice to the petitioner. *See id.* at 687, 688, 694.

Mr. Dominguez cannot establish that his counsel's performance in negotiating the plea agreement was constitutionally deficient. He implies that his attorney was ineffective in negotiating the plea agreement because "there is no reason why the Defendant should waive all his rights, also . . . there is nothing offered in exchange of such waivers." Doc. 81, p. 14.

Again, however, Mr. Dominguez's claims are contradicted by the record. According to the terms of the plea agreement, Mr. Dominguez received a great benefit from pleading guilty, namely the dismissal of eight criminal counts pending against him. Moreover, many plea agreements–and perhaps the majority of them–include a waiver provision, and those kind of arrangements are consistently upheld and do not constitute deficient performance on the part of attorneys. *See, e.g.*, *Smith*, 500 F.3d 1206; *United States v. Novosel*, 481 F.3d 1288 (10th Cir. 2007). Applying the strong presumption that

7

counsel provided effective assistance, *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir.2000), and noting the benefit Mr. Dominguez received in the plea agreement, the court cannot conclude that his attorney was ineffective for negotiating a plea agreement that included a waiver of Mr. Dominguez's appellate and collateral attack rights.

Additionally, Mr. Dominguez cannot demonstrate any prejudice and, thus, cannot establish the second prong of *Strickland*. He makes no attempt to argue that but for counsel's alleged error, he would not have pleaded guilty and would have instead proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Without some finding that Mr. Dominguez's attorney's performance was constitutionally deficient or that any alleged deficiency resulted in prejudice to Mr. Dominguez, the court cannot find that enforcing the waiver would be a miscarriage of justice.

**5.     Conclusion**

Having concluded that the waiver contained in Mr. Dominguez's plea agreement was knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court grants the government's request to enforce the waiver and dismisses Mr. Dominguez's § 2255 petition.

**6.     Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when

8

it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Dominguez has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's motion to enforce the plea waiver (doc. 78) is **granted**, and Mr. Dominguez's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 75) is **denied** with respect to his failure-to-appeal claim and **dismissed** as to all other parts.

**IT IS SO ORDERED** this 16th day of March, 2011.

                              s/ John W. Lungstrum
                              John W. Lungstrum
                              United States District Judge

---

[1] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).